UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERARD D. GRANDOIT,
        Plaintiff,

v.                             Civil Action No. 04-10343-RWZ

BENJAMIN J. GILSON, et al.
        Defendants.
_____

GERARD D. GRANDOIT,
        Plaintiff,

v.                             Civil Action No. 04-10347-RWZ

COOPERATIVE FOR HUMAN SERVICES, et al.,
        Defendants.
_____

GERARD D. GRANDOIT,
        Plaintiff,

v.                             Civil Action No. 04-10348-RWZ

LIBERTY MUTUAL INSURANCE COMPANY, et al.,
        Defendants.

MEMORANDUM AND ORDER

June 16, 2004

ZOBEL, D.J.

Plaintiff's motion for reconsideration of his applications to proceed without prepayment of fees is allowed. However, for the reasons stated below, these actions are dismissed for lack of subject-matter jurisdiction.

BACKGROUND

Plaintiff Gerard Grandoit commenced these actions on February 19, 2004 by filing

three complaints and three applications to proceed without prepayment of fees. Each complaint appears to be based on events surrounding an alleged injury suffered by him in March 1990 while working at GTE Corporation, and Grandoit names as defendants the doctors who examined him, GTE Corporation's insurer, and a second employer. On May 14, 2004, I denied Grandoit's applications to proceed without prepayment of fees because it appeared that he had sufficient funds to pay the filing fee for each of these three actions. Grandoit has filed a motion seeking reconsideration of that decision as well as an affidavit in support of that motion.

In his motion, Grandoit claims that he did not intend to file three separate actions and that by filing these three complaints he was attempting to "remove" an action from state court and that he has apparently filed an appeal of the same state case with the United States Supreme Court. Motion, p. 1-2; Affidavit, p. 1-2.

## ANALYSIS

I. The Applications to Proceed Without Prepayment of Fees

In his motion, Grandoit asserts that he did not intend to file three actions in this Court and states that he lacks the funds to pay the filing fee for all three actions. Thus, the motion for reconsideration is allowed and the cases will be filed without prepayment of fees.

II. The Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims

A federal court may not address the merits of a claim without first determining whether it has jurisdiction, and if jurisdiction is lacking, the claim must be dismissed. Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) (when a federal court

concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case).

Simply put, Grandoit may not remove these actions from state court because (1) he is the plaintiff in the state court action and (2) because the removal statute specifically excludes worker's compensation cases arising under state law from being removed to a federal district court.  Ballard's Serv. Ctr., Inc. v. Transue, 865 F.2d 447, 449 (1st Cir. 1989) (removal of state court actions is authorized only for defendants and only on the basis of claims brought against them; plaintiffs can not remove); Cok v. Forte, 877 F. Supp. 797, 802 (D. R.I.), aff'd, 69 F.3d 531 (1st Cir. 1995) (plaintiff in state court proceeding could not remove action because only defendants may remove); 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (Supp. 2002) ( A plaintiff cannot remove a state court action even when he or she could have commenced the action originally in a federal court.); 28 U.S.C. § 1445(c) (A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States); accord Armistead v. C & M Transp., Inc., 49 F.3d 43, 47 (1st Cir. 1995) (§1445(c) reflects a congressional concern for the states' interest in administering their own workers' compensation schemes, the burdens on injured claimants of maintaining a federal court suit, and the incidence of federal court congestion).

To the extent that plaintiff's complaints may be considered as an attempt to seek direct review of an administrative agency decision that has been upheld by a Massachusetts state court or of a state court decision itself, jurisdiction also is lacking. See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citation omitted) (lower

federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman doctrine); Mandel v. Town of Orleans, 326 F.3d 267, (1st Cir. 2003) (Rooker-Feldman doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party); Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995) (doctrine applied where plaintiff raised claims of lack of due process in administrative proceedings in state supreme court and he therefore could not obtain review of that decision in federal district court on any pretext); accord Narey v. Dean, 32 F.3d 1521, 1525 (11th Cir. 1994) (if the decision of a state agency has been upheld by a state court, the Rooker-Feldman doctrine applies because a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court).

Judgment may be entered dismissing each complaint for lack of subject matter jurisdiction.

                                                     s/ Rya W. Zobel
                                                    UNITED STATES DISTRICT JUDGE